UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LUCAS STROHMENGER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WOMACK RESTAURANTS, INC. and DOES 1 to 5<br><br>Defendants. | Case No.  **1:19-cv-4299** |

## NATIONWIDE CLASS ACTION COMPLAINT

Plaintiff Lucas Strohmenger ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on his personal knowledge:

## INTRODUCTION

1. Plaintiff has a mobility disability stemming from a car accident when he was 18, causing paraplegia, which has caused him to use a wheelchair for mobility.

2. Defendants WOMACK RESTAURANTS, INC., and DOES 1 to 5, (collectively, "Defendants") own and operate more than fifty (50) units of MOD Pizza and Popeyes Louisiana Chicken ("Popeyes") restaurants in Missouri, Kansas, Ohio, Oklahoma, and Indiana. The Popeyes locations Defendants own and operate include those locations which Plaintiff encountered, as described in more detail below.

3. Defendants discriminated against Plaintiff – and other similarly situated mobility impaired persons - by implementing policies and practices that consistently violate the ADA's accessibility guidelines and routinely result in access barriers at Defendants' facilities. Specifically, Plaintiff experienced difficulty and risk of harm navigating the parking lot and path of access to Defendants' business due to excessive sloping, all in violation of the ADA, and asserts that those violations exist due to inadequate compliance policy or practice that leads to, as in the case of Defendants' parking lots, a systemic failure to maintain accessibility features at Defendants' properties.

4. In fact, numerous facilities owned, controlled, and/or operated by Defendants ("Defendants' facilities") have parking lots and paths of travel that are inaccessible to individuals who rely on wheelchairs for mobility, demonstrating the centralized decision-making Defendants employ with regard to the design, construction, alteration, maintenance, and operation of their facilities causes access barriers and/or allows them to develop and persist at Defendants' facilities.

5. Plaintiff brings this action individually and on behalf of all others similarly situated to compel Defendants to cease unlawful discriminatory practices and to implement and/or modify its policies and practices to ensure its facilities are maintained in compliance with the ADA's parking and lane of access regulations. Doing so will ensure Plaintiff's full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendants' services. Plaintiff seeks declaratory, injunctive, and equitable relief and attorneys' fees and costs to redress Defendants' unlawful discrimination on the basis of

disability in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and its implementing regulations.

6. Unless Defendants are required to remove the access barriers described below, and required to change their policies and practices so that access barriers do not reoccur at Defendants' facilities, Plaintiff and the proposed Class will continue to be denied full and equal access to those facilities as described and will be deterred from fully using Defendants' facilities so long as Defendants' unlawful discriminatory practices continue.

7. Defendants' discrimination sends a message that it is acceptable for public accommodations to adopt policies, procedures and practices that deprive mobility impaired individuals of the full and equal enjoyment of, and a meaningful opportunity to participate in and benefit from Defendants' services.

8. The ADA expressly contemplates injunctive relief aimed at modification of a policy or practice that Plaintiff seeks in this action. In relevant part, the ADA states:

> [i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities … Where appropriate, injunctive relief shall also include requiring the … modification of a policy…

42 U.S.C. § 12188(a)(2).

9. Consistent with 42 U.S.C. § 12188(a)(2), Plaintiff seeks a permanent injunction requiring that:

   a. Defendants remediate all parking and path of travel access barriers at Defendants' facilities, consistent with the ADA;

   b. Defendants modify its policies and practices so that the parking and path of travel access barriers at Defendants' facilities do not reoccur and are

      maintained in compliance with the ADA's parking and lane of access regulations; and

    c. Plaintiff's representatives shall monitor Defendants' facilities to ensure the injunctive relief ordered pursuant to Paragraph 8.a. and 8.b. has been implemented and will remain in place.

10. Plaintiff's claims for permanent injunctive relief are asserted as class claims pursuant to Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was specifically intended to be utilized in civil rights cases where the Plaintiff seeks injunctive relief for his or her own benefit and the benefit of a class of similarly situated individuals. To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2). This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate . . .. Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

## PARTIES

11. Plaintiff is a current resident of Camby, Indiana. As described above, Plaintiff uses a wheelchair for mobility. Plaintiff was in a car accident when he was 18 years old which left him paralyzed. Despite these significant injuries, Plaintiff is an active wheelchair athlete. He was recently ranked fifth nationally by USTA Men's Wheelchair B Singles division in tennis, and has additionally participated in adaptive skiing.

12. Plaintiff is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.

13. Defendant WOMACK RESTAURANTS, INC., is and at all times relevant hereto was an Indiana corporation, with its principal place of business in the state of Indiana. Plaintiff is informed and believes, and based thereon alleges, that WOMACK owns, leases, and/or operates the Popeyes doing business in the state of Indiana, including in the Southern District of Indiana, and in Missouri, Kansas, Ohio, and Oklahoma, as described herein.

14. Defendants' facilities are places of public accommodation as defined in 42 U.S.C. §12181(7)(G) and are therefore subject to the requirements of the ADA.

15. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as Does 1 through 5, are unknown to Plaintiff at this time. Plaintiff will amend this Complaint to assert their true names and capacities when known. Plaintiff is informed and believe and thereon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences alleged in this Complaint.

16. Plaintiff asserts that Defendants, including Doe Defendants, and each of them at all times mentioned in this Complaint were the alter egos, agents and/or employees and/or employers of their Co-Defendants and in doing the things alleged in this Complaint were acting within the course of such agency and/or employment and with the permission and consent of their Co-Defendants.

## FACTUAL ASSERTIONS

**Plaintiff Has Been Denied Full and Equal Access to Defendants' Facilities**

17. Plaintiff has visited Defendants' facilities located at 6161 East 82nd Street, Indianapolis, Indiana and 2304 East Main Street, Plainfield, Indiana, within the last month, where he experienced unnecessary difficulty and risk of harm exiting and entering his vehicle that required him to exercise extra care due to excessive slopes in a purportedly accessible parking area, and other discriminatory ADA accessibility violations as set forth in more detail below.

18. Despite this difficulty and risk, Plaintiff plans to return to Defendants' facilities, at least three times a year. It is conveniently located for him near a large shopping center, and Plaintiff regularly dines at Popeyes. He likes to order Cajun fries, Mac and Cheese, and biscuits. Furthermore, he intends to return to Defendants' facilities to ascertain whether those facilities remain in violation of the ADA.

19. As a result of Defendants' non-compliance with the ADA, Plaintiff's ability to access and safely use Defendants' facilities has been significantly impeded. Plaintiff will be deterred from returning to and safely accessing Defendants' facilities due to the discrimination on the basis of disability he has previously encountered there. Defendants' discriminatory conduct will continue so long as its facilities remain non-compliant with the ADA's parking and lane of access regulations. These violations presently exist due to Defendants' inadequate compliance policy or practice that have led, and in the future will lead, to a systemic failure to maintain ADA required accessibility features at Defendants' properties.

20. Without injunctive relief, Plaintiff will continue to be unable to fully and safely access Defendants' facilities, and will continue to experience unlawful

discrimination on the basis of disability by being denied access to full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of Defendants' facilities, in violation of his civil rights under the ADA.

21. As an individual with a mobility disability who uses a wheelchair, Plaintiff is directly interested in whether public accommodations, like Defendants' facilities, have adequate compliance policies or practices that will lead to both the maintenance of ADA - required accessibility features at Defendants' properties, and the remediation of architectural barriers that impede full accessibility to those accommodations by individuals with mobility-related disabilities.

### Defendants Repeatedly Deny Individuals With Disabilities Full and Equal Access to Defendants' Facilities

22. As the owner and manager of their properties, Defendants employ centralized policies, practices, and procedures with regard to the design, construction, alteration, maintenance, and operation of its facilities.

23. To date, Defendants' centralized design, construction, alteration, maintenance, and operational policies, practices, and procedures have systematically and routinely violated the ADA by designing, constructing, and altering facilities so that they are not readily accessible and are usable, by failing to remove architectural barriers, and by failing to maintain and operate facilities so that the accessible features of Defendants' facilities are maintained fully accessible to individuals with mobility related disabilities.

24. On Plaintiff's behalf, investigators examined multiple locations owned, controlled, and/or operated by Defendants and found the following violations, which are

illustrative of the fact that Defendants implement policies and practices that routinely result in accessibility violations:

    a.    3218 East Washington Street, Indianapolis, IN

        i.    The surfaces of one or more purportedly accessible ramps had a recorded run slope of 9.8% with no level landing.

    b.    6161 East 82nd Street, Indianapolis, IN

        i.    The surfaces of one or more purportedly accessible parking spaces had a recorded cross slope of 4.9 %, and the purportedly accessible aisle had a run slope of 3.3%.

    c.    5020 East County Line Road, Indianapolis, IN

        i.    The property had no designated accessible parking signage.

    d.    10087 East Washington Street, Indianapolis, IN

        i.    The surfaces of one or more purportedly accessible parking spaces had a recorded run slope of 4.4%.

    e.    2304 East Main Street, Plainfield, IN

        i.    The surfaces of one or more purportedly accessible curb ramps had a flare of 72.1%, and there was a raised lip at the curb ramp.

25.    The fact that individuals with mobility-related disabilities are denied full and equal access to Defendants' numerous locations, and the fact that each of these facilities deny access by way of inaccessible parking facilities, is evidence that the inaccessibility Plaintiff experienced is not isolated, but rather, is caused by Defendants' systemic disregard for the civil rights of individuals with disabilities.

26.    Defendants' systemic access violations demonstrate that Defendants either employ policies and practices that fail to design, construct, and alter its facilities so that

they are readily accessible and usable and/or that Defendants employ maintenance and operational policies and practices that are unable to maintain accessibility.

27. As evidenced by the widespread inaccessibility of Defendants' parking facilities, absent a change in Defendants' corporate policies and practices, access barriers are likely to reoccur in Defendant's facilities even after they have been remediated.

28. As a result of Defendants' non-compliance with the ADA, Plaintiff has been denied the benefit of full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages, or accommodations, and has been denied participation in and has been treated unequally by Defendants.

29. Accordingly, Plaintiff seeks an injunction to remove the barriers currently present at Defendant's facilities and an injunction to modify the policies and practices that have created or allowed, and will create or allow, inaccessibility to affect Defendants' network of facilities.

## JURISDICTION AND VENUE

30. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

31. Plaintiff's claims asserted herein arose in this judicial district, Defendants have their principal place of business in this judicial district, and Defendants do substantial business in this judicial district.

32. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## **CLASS ASSERTIONS**

33. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) on behalf of himself and the following nationwide class:

> All persons with qualified mobility disabilities who were denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any Womack Restaurants location in the United States on the basis of disability because such persons encountered accessibility barriers due to Defendants' failure to comply with the ADA's accessible parking and path of travel requirements.

34. <u>Numerosity</u>: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court and will facilitate judicial economy.

35. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

36. <u>Common Questions of Fact and Law</u>: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' facilities and/or services due to Defendants' failure to make their facilities fully accessible and independently usable as above described.

37. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the

members of the class, and he has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

38. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

## SUBSTANTIVE VIOLATION

## VIOLATION OF THE ADA, TITLE III

**[42 U.S.C. §§ 12101 *et seq.*]**

**(Against all Defendants)**

39. Plaintiff restates each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

40. At all times relevant to this action, Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181, *et seq.* was in full force and effect and applied to Defendants' conduct.

41. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, were in full force and effect and applied to the Defendants' conduct.

42. At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of mobility. Accordingly, he is an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2).

43. Defendants own, lease, and/or operate restaurants that are places of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(F).

44. Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations," 42 U.S.C. § 12182(a), and prohibits places of public accommodation, either directly or through contractual, licensing, or other arrangements, from outright denying individuals with disabilities the opportunity to participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), and from denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. §§ 36.202.

45. Pursuant to Title III of the ADA and its implementing regulations it "shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

46. Title III further prohibits places of public accommodation from utilizing methods of administration that have the effect of discriminating on the basis of a disability. 42 U.S.C. § 12182(b)(1)(D).

47. Title III and its implementing regulations define discrimination to include the following:

   a) Failure to remove architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 C.F.R. § 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv);

   b) Failure to design and construct places of public accommodation for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.401 and 42 U.S.C. § 12183(a)(1);

   c) For alterations to public accommodations made after January 26, 1992, failure to make alterations so that the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2); and

   d) Failure to maintain those features of public accommodations that are required to be readily accessible to and usable by persons with disabilities, 28 C.F.R. § 36.211.

48. The remedies and procedures set forth at 42 U.S.C. § 2000a-3(a) are provided to any person who is being subjected to discrimination on the basis of disability or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of 42 U.S.C. § 12183. 42 U.S.C. 12188(a)(1).

49. The ADA also provides for specific injunctive relief, which includes the following:

> In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include . . . modification of a policy . . . to the extent required by this subchapter.

42 U.S.C. § 12188(a)(2); 28 C.F.R. § 36.501(b).

50. Defendants' facilities were altered, designed, or constructed after the effective date of the ADA.

51. The ADA requires Defendants' facilities to be altered, designed, and constructed so that they are readily accessible to and usable by individuals who use wheelchairs. 42 U.S.C. § 12183(a).

52. Further, the ADA requires the accessible features of Defendants' facilities, which include the parking lots and paths of travel, to be maintained so that they are readily accessible to and usable by individuals with mobility disabilities. 28 C.F.R. § 36.211.

53. The architectural barriers described above demonstrate that Defendants' facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs in the first instance, and/or that Defendants' facilities were not maintained so as to ensure they remained accessible to and usable by individuals who use wheelchairs.

54. Furthermore, the architectural barriers described above demonstrate that Defendants have failed to remove barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

55. Defendants' repeated and systemic failures to design, construct, and alter their facilities so that they are readily accessible and usable, to remove architectural barriers, and to maintain the accessible features of their facilities constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

56. Defendants' facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards. 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

57. Defendants are required to provide individuals who use wheelchairs full and equal enjoyment of their facilities. 42 U.S.C. § 12182(a).

58. Defendants have failed, and continue to fail, to provide individuals who use wheelchairs with full and equal enjoyment of their facilities.

59. Defendants have discriminated against Plaintiff and the class in that they have failed to make Defendants' facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

60. Defendants' conduct is ongoing and continuous, and Plaintiff has been harmed by Defendants' conduct.

61. Unless Defendants are restrained from continuing their ongoing and continuous course of conduct, Defendants will continue to violate the ADA and will continue to inflict injury upon Plaintiff and the class.

62. Given that Defendants have not complied with the ADA's requirements to make Defendants' facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes his statutory rights to declaratory and injunctive relief as well as costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the members of the Class, prays for:

    a.    A declaratory judgment that Defendants are in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants' facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

 b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.501(b) that: (i) directs Defendants to take all steps necessary to remove the architectural barriers described above and to bring their facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, individuals who use wheelchairs; (ii) directs Defendants to change their policies and practices to prevent the reoccurrence of access barriers post-remediation; and (iii) directs that Plaintiff shall monitor Defendants' facilities to ensure the injunctive relief ordered above remains in place.

 c. An Order certifying the class proposed by Plaintiff, naming Plaintiff as class representative, and appointing his counsel as class counsel;

 d. Payment of costs of suit;

 e. Payment of reasonable attorneys' fees pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505; and

 f. The provision of whatever other relief the Court deems just, equitable, and appropriate.

Dated:  October **22,** 2019      Respectfully Submitted,

               *s/ Noah Thomas*
               **CHAPMAN LAW LLC**
               420 Main St., Suite 1202
               Evansville, IN 47708
               Telephone: 812.426.0600
               Email: noah@chapmanlaw.com

               Benjamin J. Sweet
               **THE SWEET LAW FIRM, PC**
               1145 Bower Hill Drive, Ste 104
               Pittsburgh, Pennsylvania 15243
               Telephone: 412-857-5350
               Email: ben@sweetlawpc.com

               *Additional Counsel Listed Below*

Jonathan D. Miller, Esq.
**NYE, STIRLING, HALE &**
**MILLER, LLP**
33 West Mission, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 963-2345
Email: jonathan@nshmlaw.com